UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Herbert Demond York, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Warden Larry Cartledge, Lieutenant A. Young, )<br>Director Michael McCall, )<br>)<br>Defendants. ) | C/A No. 1:16-cv-03971-DCC<br><br><br>ORDER |

Plaintiff, proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983. ECF No. 1. This matter is before the Court of Defendants' Motion for Summary Judgment which was filed on October 23, 2017. ECF No. 57. Plaintiff filed no response to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On December 12, 2017, the Magistrate Judge issued a Report recommending that the case be dismissed for failure to comply with court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 67. Plaintiff was advised of his right to file objections to the Report; Plaintiff failed to file objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this Court may sua sponte dismiss a case for lack of prosecution under Rule 41(b). *Id*. at 630.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. Accordingly, the Court adopts the Report by reference in this Order. This action is DISMISSED without prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 4, 2017
Spartanburg, South Carolina